UNITED STATES DISTRICT
COURT EASTERN DISTRICT
OF MICHIGAN SOUTHERN
DIVISION

DAVID MORRIS ALLEN,

      Petitioner,               Case No. 2:21-cv-10908

v.                              HON. PAUL D. BORMAN

MAT KING,

      Respondent.

_____/

**OPINION AND ORDER SUMMARILY DISMISSING WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS***

**I.    INTRODUCTION**

On April 9, 2021, a petition for habeas corpus was filed on behalf of David Morris Allen ("Petitioner") by a Mya Catchings, who described herself as "Next Friend," which challenged Petitioner's confinement at the St. Clair County jail under a detention order in a federal murder case. (Pet., ECF No. 1.) *See* E.D. Mich. Case No. 18-20085. Petitioner's filing failed to comply with the requirements for a habeas corpus petition as listed in Rule 2, Rules Governing § 2254 Cases. On August 12, 2021, the Court ordered Petitioner to show cause within thirty days why the case

should not be dismissed for failure to file a proper habeas corpus petition. (ECF No. 5.)

Petitioner has not responded to the show cause order, nor has he filed a proper petition for habeas corpus relief. As explained further below, the case will be summarily dismissed without prejudice for want of prosecution.

## II.   BACKGROUND

Petitioner asserts he is being held in the St. Clair County Jail, in Port Huron, Michigan, "upon the mere speculation of alleged felonies." (Pet., ECF No. 1, PageID.1.) He provides no other circumstances of his detention, although the petition asserts that the felonies of "Racketeering – Murder [and] Violent Crimes/Drugs/Machine Gun Where Death Occurs under color of law, were created with the arrest of David Morris Allen . . ." (*Id*. at PageID.2.)

The petition appears to raise a speedy trial claim and allege Petitioner's Fourth Amendment rights were violated. (*Id*.) The remainder of the petition repeats Petitioner's assertions that he was denied due process of law and his constitutional rights. Petitioner seeks a writ of habeas corpus, as well as damages for the Court's possession of "fingerprints, photographs," and other materials related to his case. (*Id*. at PageID.4.) The petition contained no facts regarding his detention in the St. Clair County Jail, nor any grounds for relief or facts supporting his challenge to his confinement.

Petitioner did not sign the petition. Instead, the petition concludes with the name "Mya Catchings," generated by computer but not actually signed. (ECF No. 1, PageID.4.) Catchings is described as "Next Friend." (*Id.*)

On August 12, 2021, the Court ordered Petitioner to show cause within thirty days why the case should not be dismissed for failure to file a proper habeas corpus petition. (ECF No. 5.) The order was based on the petition's failure to comply with Rule 2(c), Rules Governing Section 2254 Cases, and on Mya Catching's lack of standing to file an application for a writ of habeas corpus on Petitioner's behalf. (*Id.*) To date, Petitioner has not responded to the Court's order.

### III.  DISCUSSION

Federal Rule of Civil Procedure 41(b) authorizes a federal court to dismiss a case based upon the "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." Rule 41.2 of the Local Rules of the Eastern District of Michigan authorizes the court to dismiss a case "when it appears that . . . the parties have taken no action for a reasonable time." A court may thus dismiss a civil action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and Local Rule 41.2. *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). The Court may take such action *sua sponte*. *Branham v. Home Depot U.S.A., Inc.*, 225 F. Supp. 2d 762, 769 n.4 (E.D. Mich. 2002).

This Court ordered Petitioner to show cause why his petition should not be dismissed, and gave him thirty days from the August 12, 2021, entry of the order to respond. (ECF No. 5.) With the order, Petitioner was provided a blank copy of the Court's habeas corpus petition form in case he chose to complete and file a proper application for habeas corpus relief. (*Id*.) Petitioner has not responded to the show cause order in any form, and has not requested an extension of time to respond.

The Court will dismiss Petitioner's habeas corpus petition for want of prosecution, because he failed to comply with this Court's order. *See Cone v. Bell*, 956 F. Supp. 1401, 1408, n. 4 (W.D. Tenn. 1997) (dismissal of habeas petition under rule permitting dismissal for failure to prosecute would be appropriate in capital habeas case where petitioner has failed to meet court imposed deadline for filing petition after case is stayed upon petitioner's request for counsel); *Burch v. Trombley*, No. 05-CV-72234-DT, 2007 WL 1424207, * 1–2 (E.D. Mich. May 11, 2007) (habeas petition dismissed without prejudice for failure to prosecute when neither Petitioner nor his counsel responded to order to show cause why petition should not be dismissed for failure to exhaust state court remedies).

### IV.     CERTIFICATE OF APPEALABILITY

The Court will also deny a certificate of appealability to Petitioner. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28

U.S.C. foll. § 2254. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Generally, when a district court denies a habeas corpus petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, when a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id*.

Here, the Court will deny Petitioner a certificate of appealability because reasonable jurists would not find it debatable whether this Court erred in dismissing the petition for want of prosecution based on his failure to comply with the Court's show-cause order. The Court will also deny Petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Myers v. Straub*, 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

## V.   CONCLUSION

For the reasons stated above, the Court DISMISSES WITHOUT PREJUDICE the petition for a writ of habeas corpus. (ECF No. 1.)

The Court further DENIES a certificate of appealability and leave to appeal *in forma pauperis*.

SO ORDERED.


Dated: November 22, 2021          s/Paul D. Borman
                                  PAUL D. BORMAN
                                  UNITED STATES DISTRICT JUDGE